UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| *In re:* |
| COUDERT BROTHERS LLP, |
|                 Debtor. |
| -------------------------------------------------------X |
| DEVELOPMENT SPECIALISTS, INC., |
|                 Plaintiff, |
|                 v. |
| WILLIAM A. SULLIVAN, |
|                 Defendant. |
| DEVELOPMENT SPECIALISTS, INC., |
|                 Plaintiff, |
|                 v. |
| JAMES B. VARANESE, |
|                 Defendant. |

No. 16-CV-8248 (KMK)

No. 17-CV-3619 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

    In the wake of the dissolution and bankruptcy of an international law firm named Coudert Brothers LLP ("Coudert") headquartered in New York, Development Specialists, Inc. ("Plaintiff"), in its capacity as the Plan Administrator for Coudert, commenced adversary actions against several foreign former law partners at Coudert, including William A. Sullivan ("Sullivan") and James B. Varanese ("Varanese") (collectively, "Defendants"), to enforce certain contractual obligations. (*See* Proposed Findings of Fact and Conclusions of law ("Sullivan Proposed Findings") 1–4 (Dkt. No. 1, Case No. 16-CV-8248); Proposed Findings of Fact and

Conclusions of Law 1–4 ("Varanese Proposed Findings") (Dkt. No. 1, Case No. 17-CV-3619).)[1] Plaintiff's actions eventually culminated in final awards issued by an arbitrator determining the amount of damages that each Defendant owes Plaintiff. (Varanese Proposed Findings 5–6; Sullivan Proposed Findings 6–7.) Plaintiff then moved in bankruptcy court to confirm the awards. In response to Plaintiff's Motions to Confirm the arbitration awards, the Honorable Robert D. Drain ("Judge Drain") issued Proposed Findings in each case, pursuant to the bankruptcy court's authority to hear non-core proceedings under 28 U.S.C. § 157(c)(1). (*See generally* Sullivan Proposed Findings; Varanese Proposed Findings.)

Typically, following a bankruptcy court's proposed findings, "[t]he district court must . . . review those proposed findings and conclusions de novo and enter any final orders of judgment." *Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 34 (2014) (citation omitted) (italics omitted). However, in a related case, Case No. 16-CV-8237 (the "*Li* Action"), against another former Coudert law partner based on the same circumstances, the Court identified service issues and concluded that, although perhaps notice of a hearing regarding Plaintiff's motion to confirm the arbitration award had been served by registered mail upon the defendant, the underlying summons and complaint had not been delivered in a manner recognized by the Federal Rules. (*See* Op. & Order on Proposed Findings of Fact and Conclusions of Law ("*Li* Opinion") (Dkt. No. 2, Case No. 16-CV-8237).) In that case, the Court ordered Plaintiff to effect service and, following that, send the Court a memorandum indicating that it had done so and providing proposed next steps. Plaintiff moved the Court to reconsider the *Li* Opinion, but the motion for reconsideration was denied. (Order on Mot. for Reconsideration (Dkt. No. 11, Case No. 16-CV-

---

[1] The two cases are related but separate. Sullivan's case is Case No. 16-CV-8248 (the "*Sullivan* Action"), and Varanese's case is Case No. 17-CV-3619 (the "*Varanese* Action"). The Court refers to specific case numbers in record citations where necessary.

2

8237).) The Court later observed that in the *Sullivan* Action, similar to the *Li* Action, an Affidavit of Service was filed, but it only referred to notice for the hearing on the Motion to Confirm the arbitration award, not service of the underlying summons and Complaint. (*See* Dkt. No. 2, No. 16-CV-8248.) In the *Varanese* Action, no such affidavit of service had been filed at all. (*See* Dkt., No. 17-CV-3619.) The Court accordingly issued Orders to Show Cause in both Actions, requesting Plaintiff to show why the *Sullivan* and *Varanese* Actions should not be dismissed for failure to prosecute. (*See* Order to Show Cause (Dkt. No. 3, Case No. 16-CV-8248; Dkt. No. 2, Case No. 17-CV-3619).)

Plaintiff responded in both the *Sullivan* and *Varanese* Actions, arguing that (1) the Court should find that Varanese was properly served, (Pl.'s Response to Order to Show Cause ("Pl.'s Mem.") 7 (Dkt. No. 4, Case No. 16-CV-8248; Dkt. No. 3, Case No. 17-CV-3619)); that, in the alternative, the Court should provide Plaintiff with additional time to attempt to serve Varanese, (*id.* at 9); that the Court should find that Varanese has notice of Plaintiff's application to confirm its arbitration award, (*id.*); that the Court should direct Varanese to show cause why Judge Drain's Proposed Findings of Fact and Conclusions of Law should not be accepted by the Court, (*id.* at 10); and that the Court should grant Plaintiff leave to serve the summons and Complaint in the *Sullivan* Action on Sullivan, pursuant to Federal Rule 4(f)(3), (*id.* at 11). The Court addresses the relevant issues in each Action below.

Service of process upon a foreign defendant is governed by Federal Rule 4(f), which states that an individual may be served:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

3

> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
> (C) unless prohibited by the foreign country's law, by:
> > (i) delivering a copy of the summons and of the complaint to the individual personally; or
> > (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f). If service is made pursuant to either Rule 4(f)(2) or the catch-all provision in Rule 4(f)(3), then service must be proved "by a receipt signed by the addressee, or by other evidence satisfying the court that the summons and complaint were delivered to the addressee." *Id.* at 4(l)(2)(B). However, "[f]ailure to prove service does not affect the validity of service," and the Court "may permit proof of service to be amended." *Id.* at 4(l)(3).

"A court is afforded wide discretion in ordering service of process under Rule 4(f)(3)." *Payne v. McGettigan's Mgmt. Servs. LLC.*, No. 19-CV-1517, 2019 WL 6647804, at *1 (S.D.N.Y. Nov. 19, 2019) (citation omitted). "An order for alternative service must comply with due process requirements, which call for notice that is 'reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action.'" *Id.* (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)).

A. The *Sullivan* Action

Defendant Sullivan holds the title of "Senior Foreign Counsel" at Christian Teo & Partners ("CTP") in Indonesia. (Decl. of John G. McCarthy, Esq. ("McCarthy Decl.") Ex. G ("CTP Sullivan Bio"); Ex. H ("Sullivan New York Bar Record") (Dkt. Nos. 5-7–8).) Plaintiff obtained CTP's address from a public online notice dated January 28, 2019, (*id.* Ex. I ("CTP Address Notice")), and obtained Sullivan's email address from his professional biography on CTP's website, (*see* CTP Sullivan Bio).

4

"Indonesia is not party to any applicable treaty or agreement." *Export-Import Bank of U.S. v. Asia Pulp & Paper Co., Ltd.*, No. 03-CV-8554, 2005 WL 1123755, at *2 (S.D.N.Y. May 11, 2005) (citations omitted). Although one court in this District has found that service by mail in Indonesia would not be effective under Rule 4(f)(2)(C)(ii), it nevertheless went on to find that service by international registered mail could be permissible under Rule 4(f)(3). *Id.* at *4–5. In contrast, other federal courts have found that service by international registered mail as to Indonesian defendants may be effective under Federal Rule 4(f)(2)(C)(ii). *See Res. Ventures, Inc. v. Res. Mgmt. Int'l, Inc.*, 42 F. Supp. 2d 423, 430 (D. Del. 1999); *Dee-K Enters. Inc. v. Heveafil Sdn. Bhd.*, 174 F.R.D. 376, 381–82 (E.D. Va. 1997). Additionally, federal courts have recognized that service by e-mail as to foreign defendants generally meets the due process requirements of alternative service under Rule 4(f)(3) where no international agreement explicitly disavows such service. *See Payne*, 2019 WL 6647804, at *2 (permitting e-mail service upon foreign defendant in Dubai); *see also Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002) (committing "to the sound discretion of the district court" leave to authorize alternative service under Federal Rule 4(f)(3) and noting that many trial courts have authorized service via e-mail (collecting cases)); *Advanced Access Content Sys. Licensing Administrator, LLC v. Shen*, No. 14-CV-1112, 2018 WL 4757939, at *6 (S.D.N.Y. Sept. 30, 2018) ("[E-]mail service of . . . [the] documents . . . both complies with Rule 4(f)(3) and due process.")); *DFSB Kollective Co. Ltd. v. Bing Yang*, No. C 11–1051 CW, 2013 WL 1294641, at *10 (N.D. Cal. Mar. 28, 2013) (permitting service in Indonesia via e-mail and noting that "there are no international agreements prohibiting service by e-mail" as to Indonesia). Accordingly, given that Sullivan is listed publicly at the e-mail address and workplace that Plaintiff seeks to use for service and that service via Federal Express to Sullivan's workplace can be tracked, the

5

Court grants leave for Plaintiff to serve Sullivan in this Action via Federal Express to Sullivan's work place address and by e-mail to Sullivan's publicly listed e-mail address.

B. The *Varanese* Action

Defendant Varanese has a primary residence in London in the United Kingdom (the "UK") and a secondary residence in Fort Lauderdale, Florida. (Pl.'s Mem. 7.) The UK is a signatory to the Hague Convention and does not object to service through postal channels. *See Lewis v. Madej*, No. 15-CV-2676, 2015 WL 6442255, at *11, n.4 (S.D.N.Y. Oct. 23, 2015) ("The United Kingdom does not object to service by [postal channels]." (citation omitted)); *Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. of Am.*, 262 F.R.D. 293, 307 (S.D.N.Y. 2009) ("Both the United States and the [UK] are signatories to the Hague Convention and neither country has objected to direct service through postal channels." (citations omitted)). Therefore, service via Federal Express to Varanese's primary address in London would meet the requirements of Federal Rule 4(f)(2)(C)(ii).

However, here, Plaintiff is unable to provide proof of service through a return slip, as it never received one. Plaintiff argues that, nevertheless, this does not bar the Court from finding that service was validly made, as Federal Rule 4(l)(3) states that "[f]ailure to prove service does not affect the validity of service" and that proof of service "may be amended" by the Court. Fed. R. Civ. P. 4(l)(3). Plaintiff has provided tracking information from the United States Postal Service ("USPS") confirming that the package was delivered and "left with Individual" at Varanese's business address in the UK on July 2, 2018 and at his secondary residence in Florida on June 30, 2018. (McCarthy Decl. Exs. C–E (Dkt. Nos. 4-3–5, Case No. 17-CV-3619).) Although it may be true that some courts may be "satisfied" that service is effectuated based on "tracking evidence," *NYKCool A.B. v. Pac. Int'l Servs., Inc.*, No. 12-CV-5754, 2013 WL

67999973, at *8 (S.D.N.Y. Dec. 20, 2013), here, there is insufficient evidence to support the usual condition precedent to waiver of a signed receipt, i.e., that "a recipient refused to accept delivery of mailed service," *id.* (collecting cases). Although Plaintiff claims that it "reasonably suspects" that Varanese received the package and, for some reason, sent it to Plaintiff's counsel's London office, it provides no record support for Varanese's purported rejection. (Pl.'s Mem. 9.) Given that Plaintiff has also noted that it has recently discovered an additional London address for Varanese, (Pl.'s Mem. 9), and that Plaintiff must also effectuate service on Sullivan, the Court sees no harm in exercising an abundance of caution and requiring Plaintiff to simultaneously serve Varanese at his known addresses regarding this Action.

Accordingly, it is hereby:

ORDERED that Plaintiff file proof of service upon Sullivan regarding the *Sullivan* Action at his work place address via Federal Express and through his e-mail within 30 days of this Order;

ORDERED that Plaintiff file proof of service upon Varanese regarding the *Varanese* Action at his known addresses via Federal Express within 30 days of this Order;

ORDERED that, in the event that Varanese and Sullivan do not appear or respond within 30 days after service is effected as to them, Plaintiff file a letter with the Court informing the Court that it should issue an order to show cause as to each of those Defendants, as it did in the *Li* Action.

SO ORDERED.

Dated: January 23, 2020
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

7