UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*In re:*

COUDERT BROTHERS LLP,

                              Debtor.

------------------------------------------------------X

DEVELOPMENT SPECIALISTS, INC., *in its*
*capacity as Plan Administrator for Coudert*
*Brothers LLP*,

                              Plaintiff,

              v.

WILLIAM A. SULLIVAN,

                              Defendant.

No. 16-CV-8248 (KMK)

<u>ORDER</u>

KENNETH M. KARAS, United States District Judge:

        In the wake of the dissolution and bankruptcy of an international law firm named Coudert

Brothers LLP ("Coudert") headquartered in New York, Development Specialists, Inc.

("Plaintiff"), in its capacity as the Plan Administrator for Coudert, commenced adversary actions

against several foreign former law partners at Coudert, including William A. Sullivan

("Defendant"), to enforce certain contractual obligations.  (*See* Op. & Order on Proposed

Findings of Fact & Conclusions of Law ("May 2017 Li Op.") 2 (Dkt. No. 2, Case No. 16-CV-

8237 (the "*Li* Action")).)  Plaintiff's actions eventually culminated in a final award issued by an

arbitrator determining the amount of damages that Defendant owes Plaintiff.  (*Id*. at 4.)  Plaintiff

then moved in bankruptcy court to confirm the award.  (*Id*. at 5.)  In response to Plaintiff's

Motion to Confirm the arbitration award, the Honorable Robert D. Drain ("Judge Drain") issued

Proposed Findings of Fact and Conclusions of Law ("Proposed Findings"), pursuant to the

bankruptcy court's authority to hear non-core proceedings under 28 U.S.C. § 157(c)(1).  (*See* Dkt. No. 1, Case No. 16-CV-8248 (the "*Sullivan* Action").)

The Court identified service issues in this Action, and, despite delayed prosecution of this Action, Plaintiff was permitted to serve Defendant at his publicly listed e-mail address and workplace.  (*See* Order 5 (Dkt. No. 6, *Sullivan* Action); *see also* Order to Show Cause for Failure to Prosecute (Dkt. No. 3, *Sullivan* Action).)  Plaintiff has submitted a Certificate of Service stating that it has effectuated service of the summons and Complaint in accordance with the Court's January 23, 2020 Order.  (*See* Cert. of Service (Dkt. No. 7, *Sullivan* Action).)

On March 12, 2020, the Court issued an Order to Show Cause requiring Defendant to respond within 30 days explaining why this Court should not adopt Judge Drain's Proposed Findings, or at the very least, requesting the opportunity to brief the issue.  (*See* Order to Show Cause (Dkt. No. 9, *Sullivan* Action).)  Pursuant to that Order, Plaintiff also filed Certificates of Service indicating that the Order to Show Cause was served upon Defendant.  (*See* Dkt. Nos. 10–11, *Sullivan* Action.)  The Clerk of Court also independently mailed a copy of the Order to Show Cause to the address on record for Defendant.  (*See* Dkt. (entry for Mar. 12, 2020), *Sullivan* Action.)  Defendant's deadline to respond has passed, and Defendant has not appeared in this Action at all.

For non-core proceedings, once a bankruptcy court issues proposed findings and conclusions of law, typically, the "district court must then review those proposed findings and conclusions de novo and enter any final orders or judgments."  *Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 34 (2014) (citation omitted) (italics omitted).  However, as Defendant has not appeared in the Action, no objections to adopting Judge Drain's Proposed Findings have been filed.  The Bankruptcy Code mandates de novo review "of any portion of the bankruptcy judge's

findings of fact or conclusions of law *to which specific written objection has been made in accordance with this rule*." Bankruptcy Rule 9033(d) (emphasis added). The Bankruptcy Code also only mandates de novo review of "those matters to which any party has timely and specifically objected." 28 U.S.C. § 157(c)(1). Defendant has failed to file any objections or even any intent to object to Judge Drain's Proposed Findings within the prescribed time period, and therefore, he has "waived [his] right to object to [Judge Drain's] Proposed Findings." *Messer v. Peykar Intern. Co., Inc.*, 510 B.R. 31, 38 (S.D.N.Y. 2014) (collecting cases).

Regardless, the Court has reviewed Judge Drain's Proposed Findings and has found no error in its findings of fact or conclusions of law. Accordingly, the Court adopts Judge Drain's Proposed Findings.

Accordingly, it is hereby:

ORDERED that Judge Drain's Proposed Findings, dated October 21, 2016, are ADOPTED in their entirety.

ORDERED that Plaintiff mail this Order by Federal Express International Mail Service, and through e-mail to Defendant and file a Certificate with the Court indicating that it did so;

ORDERED that the Clerk of Court enter judgment for Plaintiff, pursuant to Judge Drain's recommendation in Judge Drain's Proposed Findings. It is further

ORDERED that the Clerk of Court close this case and mail a copy of this Order to Defendant.

SO ORDERED.

Dated:  May 4, 2020
        White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

3